UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00496-FDW-DSC

| | |
|---|---|
| A-76 TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| MASS MANAGEMENT, LLC, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's Renewed Motion to Dismiss, (Doc. No. 30), which was filed October 5, 2021; is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and did not include any supporting memorandum.[1] The motion, however, renews a previously-filed motion in the United States Court for the Southern District of Texas that had requested dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, transfer of venue, (Doc. No. 16). That motion was fully briefed by the parties, (Doc. Nos. 21, 22, 23). In transferring venue to this Court, the court stated that its order "reserves the motion to dismiss for the transferee court" on page one and also "denied without prejudice" the motion to dismiss on page nine of the Order. (Doc. No. 24, pp. 1, 9). The Court therefore construes the renewed motion as asking this Court to consider the exact issues and arguments previously

---

[1] The Court notes the instant motion has not yet been fully briefed by the parties; however, after reviewing the docket and history of this case, the Court finds a prompt ruling from the Court without additional briefing is appropriate in this instance.

1

presented in the Southern District of Texas in support of the Rule 12(b)(6) motion. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the motion (Doc. No. 30).

In transferring venue, the court concluded the parties' Distribution Agreement is the operative pleading in terms of forum selection. (Doc. No. 24, p. 8). Specifically, the court found "the later clause in the Distribution Agreement, selecting North Carolina, supersedes the earlier clause [selecting Texas] in the Partnership Agreement." (Id.; see also Doc. Nos. 16-1, 21-2)). It follows that the choice of law provision in that Distribution Agreement also controls in this case, as opposed to the choice of Texas law indicated in the superseded Partnership Agreement. (See Doc. Nos. 16-1, 21-2). The Distribution Agreement provides, "It is agreed that this Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of North Carolina, notwithstanding any rule or principal of choice of laws." (Doc. No. 16-1, p. 10).

Accordingly, the Court hereby GRANTS that portion of the motion seeking dismissal of the claims asserting violations of Texas law, and therefore DISMISSES WITHOUT PREJUDICE Claims Number 8, 9, and 10 (Doc. No. 1, pp. 15-18). This ruling is without prejudice to Plaintiff's ability to amend the complaint to assert any violations under North Carolina state law. In light of this ruling, the Court DENIES WITHOUT PREJUDICE the remainder of Defendant's Motion to Dismiss and will allow Plaintiff, as previously-requested in their response in opposition to the motion to dismiss, "leave to amend its Complaint on the matter of its copyright claims." (Doc. No. 21, pp. 4, 14). Plaintiff's Amended Complaint must be filed by October 18, 2021, and Defendant's responsive pleadings shall be filed in accordance with the applicable Federal Rules of Civil Procedure and this Court's standing orders.

IT IS THEREFORE ORDERED that Defendant's Renewed Motion to Dismiss, (Doc. No. 30), is GRANTED IN PART and DENIED IN PART as set forth herein.

IT IS SO ORDERED.

Signed: October 6, 2021

Frank D. Whitney
United States District Judge