UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| A-76 TECHNOLOGIES INC. d/b/a AIDANT BRANDS,<br><br>    Plaintiff,<br><br> v.<br><br>MASS MANAGEMENT LLC,<br><br>    Defendant. | Case No. 3:21-cv-00496-FDW-DSC |

**STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)**

It appearing to the Court that a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, should be entered, it is HEREBY ORDERED that:

1. This Order shall govern the use, designation, and handling of all "Produced Information." As used in this Order, "Produced Information" means all documents, materials, discovery responses, testimony, tangible things, and other information provided in response to a formal discovery request made in connection with this action and all documents, materials, and other information provided by or obtained in connection with this action from any person who is subject to a fiduciary duty, confidentiality agreement or other obligation to keep the documents, materials or other information confidential.

2. Only information related to nonpublic, confidential information or proprietary information that is not generally available may be designated as "CONFIDENTIAL," including without limitation proprietary, trade secret, confidential research, development, business, financial or commercial information, or competitively sensitive trademark and/or copyright information used in or relating to such party's business that is believed to be unknown or unavailable to the

1

public. Only highly sensitive commercial or competitive information, such as client and contact identities, marketing plans and cost/pricing/profit information, believed to be unknown or unavailable to the public, may be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3. As used in this Order, "Confidential Information" means any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order.

4. As used in this Order, "document" or "documents" shall have the same definition as in the Federal Rules of Civil Procedure and the Local Rules of this District.

5. Nothing in this Order shall prevent disclosure beyond the terms of this Order if either the designating person consents in writing to such disclosure or the Court allows such disclosure upon good cause shown.

6. As used in this Order, "Producing Party" shall refer to any person or entity providing "Produced Information" in connection with this litigation. "Produced Information" may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any party to this action, or by the non-party providing such "Produced Information," if the designator reasonably believes that the information meets the standards set forth in Paragraph 2.

7. Information shall be designated as "CONFIDENTIAL" in the following manner:

a. In the case of documents reduced to paper form or other Produced Information, the confidentiality designation shall be made by placing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document or Produced Information in a manner sufficient to identify the document as entitled to confidential treatment in this action. A Producing Party shall designate documents or other Produced Information as

2

confidential at or before the time of production. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if called to the attention of trial counsel for the receiving party within a reasonable period of time after the Producing Party becomes aware of the inadvertent disclosure. Inadvertent production of documents, tangible things, or information subject to the attorney client privilege or work product immunity shall not constitute a waiver of such privilege. After receiving notice from the Producing Party that documents or information subject to the attorney client privilege or work product immunity have been inadvertently produced, the receiving party shall not review, copy or disseminate such documents or information. The receiving party shall return such documents or information and any copies to the Producing Party immediately. Any information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by the Producing Party by serving a written notification on each receiving party. In addition, a party other than the Producing Party may designate documents as confidential by giving written notice to all parties to this action within thirty days of the date on which, exercising reasonable diligence, that designating party becomes aware of their production. In either case, all parties shall then stamp or otherwise mark the designated documents as confidential with the legend described above.

      b.      Information produced or provided on a computer disk, data tape or other medium that has not been reduced to paper form may be designated as Confidential Information by informing counsel for the parties to this action in writing that the computer disk, data tape or other medium contains Confidential Information. To the extent practical, such physical medium should also be appropriately labeled as set forth above. The party receiving such Confidential

3

Information under this Paragraph 7(b) shall then be responsible for appropriately labeling any printed version(s) of said Confidential Information which it creates after receiving the information in electronic format.

      c.     In the case of deposition testimony, the Producing Party or any other party to this action may designate information disclosed during a deposition as "CONFIDENTIAL" either by identifying on the record at the deposition the material that is to be treated as confidential, by marking the portions of the deposition record to be designated as "CONFIDENTIAL" within thirty days after receipt of the transcript, or by any other manner stipulated by the parties. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as "CONFIDENTIAL" before the expiration of the thirty day period unless otherwise agreed by the parties and the deposition witness. If any deposition testimony or any document or information used during the course of a deposition is designated as confidential, each page of the deposition record reflecting such material shall be stamped "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER", and the first page of the deposition record shall be stamped in a manner that makes it readily apparent that the deposition record contains Confidential Information.

8.    Information disclosed during a deposition shall be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in the same manner as information designated "CONFIDENTIAL" with the exception that such information shall be stamped "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9.    Confidential Information may be referred to in discovery, discovery responses, motions, briefs or other papers filed with the Court and may be used in depositions, oral arguments or at trial in this action either as exhibits or as the basis for questions. Confidential Information

shall be filed under seal and shall be processed and retained by the Court in accordance with its rules. All materials kept under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. The provisions of Local Civil Rules 6.1 and 79.1(d), W.D.N.C. regarding sealed documents shall supersede any contrary terms in this paragraph. Any person submitting documents under seal pursuant to this Stipulated Protective Order shall submit with them a motion to seal and shall otherwise comply with Local Civil Rule 6.1 and 79.1(d). The motion shall be accompanied by a supporting memorandum showing that the documents may properly be sealed. *See, e.g.*, *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

10. Materials and information designated "CONFIDENTIAL" shall not be disclosed, directly or indirectly, to any person other than:

    a. the Court and necessary Court personnel;

    b. up to a total of three party-designees for each named party in this action, including any in-house counsel for the designating party or its corporate affiliates responsible for this action;

    c. the attorneys of record for any named party to this action and support staff assisting such counsel;

    d. any copy service assisting counsel in this action;

    e. court reporters performing necessary duties in this action;

    f. any person who authored or received the document or information more than thirty days before its designation as Confidential Information; and

    g. any outside, unaffiliated expert retained or consulted by any party in connection with this action.

11. Materials and information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed, directly or indirectly, to any person other than:

    a. the Court and necessary Court personnel;

    b. outside counsel of record and support staff assisting such counsel for the discovering party;

    c. any copy or computer service assisting counsel in this action;

    d. court reporters performing necessary duties in this action;

    e. any person who authored or received the document or information more than thirty days before its designation as Confidential Information; and

    f. any outside, unaffiliated expert retained or consulted by any party in connection with this action.

12. Before receiving access to any Confidential Information, any person to whom Confidential Information is disclosed pursuant to 10(b), (g) and/or 11(f) of this Order, shall be required to sign the Confidentiality Acknowledgement in the form attached hereto as Exhibit A. The party disclosing any Confidential Information to said person shall maintain the original acknowledgment and need not produce it except by agreement or upon order of the Court for good cause shown.

13. Before counsel for any party discloses CONFIDENTIAL – ATTORNEYS' EYES ONLY discovery materials pursuant to 11(f) of this Order, counsel must first identify that expert to counsel for the Producing Party, who shall have five business days from receipt of such notice to object in writing to such disclosure to any expert so identified. Such identification shall at least include the full name and professional address and/or affiliation of the expert and all of the expert's present employment or consultancies in the field. The parties shall attempt to resolve any

objections informally, and approval by the Producing Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party may move, within fifteen business days following its objection, for a protective order preventing disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY discovery materials to the expert. Prior to the resolution of any such objection, a Producing Party's CONFIDENTIAL - ATTORNEYS' EYES ONLY discovery materials shall not be disclosed to expert(s) so designated.

14. All Confidential Information shall be used by the receiving party solely in connection with this litigation and the preparation and trial of this action, or any appellate proceeding arising from this action, and not for any other purpose, including, without limitation, any other litigation or any business, competitive or governmental purpose or function.

15. Should any party object to the designation of material and the objection cannot be resolved informally, then the objecting party may move for an order determining that the material was not properly designated. At such time, the material at issue may be submitted to the Court for *in camera* inspection. The designating party shall have the burden of showing the information is entitled to the designation it proposes. Until the Court rules to the contrary, all material designated a Confidential Information shall be treated as designated pursuant to this Order.

16. If Confidential Information of a party is called for in a subpoena or other process by someone who is not a party to this action, the person to whom the subpoena or other process is directed shall promptly give written notice thereof to each person who has designated the Confidential Information and shall not produce the documents or information until the earlier of ten days after providing notice or the return date of the subpoena or other process, but in no event less than five days after providing written notice.

17. Within sixty days of a written request by the Producing Party following the

conclusion of this action, including any appeals, all Confidential Information, including copies, shall be returned to the Producing Party or shall be destroyed, at the election of the person or entity in possession of the Confidential Information, unless otherwise ordered by the Court, or a motion is pending seeking relief from this paragraph. If the person or entity in possession of Confidential Information elects to destroy that information rather than return it to the Producing Party, then such person or entity shall provide to the Producing Party within twenty-one days of destroying the Confidential Information a signed sworn statement attesting that the Confidential Information has been destroyed. This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Order.

18. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial, except that an unmarked copy of a document marked confidential will be used at trial if any party so requests and provides an unmarked copy of that document. The placing of any confidentiality designation or a production identification number on the face of a document shall have no effect on the authenticity or admissibility of that document at trial.

19. This Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings in this action to provide this Court with ancillary jurisdiction to enforce its terms.

20. Nothing in this Order shall be construed to waive any right that any person or entity may have to object to any demand for production of any documents or other method of obtaining information in this action, and nothing in this Order shall be construed to preclude any person or

8

Case 3:21-cv-00496-FDW-DSC    Document 39    Filed 11/04/21    Page 8 of 10

entity from disclosing or otherwise using information that is not subject to the terms of this Order.

**SO ORDERED**.  Signed: November 4, 2021

David S. Cayer
United States Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| A-76 TECHNOLOGIES, INC. d/b/a AIDANT BRANDS,<br><br>    Plaintiff,<br><br> v.<br><br>MASS MANAGEMENT, LLC,<br><br>    Defendant. | Case No. 3:21-cv-00496-FDW-DSC |

  I hereby certify (i) I understand discovery material and/or Confidential Information are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Pursuant to Fed. R. Civ. P. 26(c) (the "Order") entered by the United States District Court for the Western District of North Carolina (the "Court") in this action, and (ii) I have read said Order. I further certify I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand a violation of the Order may be punishable by contempt of Court.

Dated: _____   Signature: _____

                Name: _____

                Address: _____

                    _____